IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Lanessa Hubbard, | ) |
| Plaintiff, | ) |
| v. | ) No.  1:16-cv-3374 |
| Portfolio Recovery Associates, LLC, a Delaware limited liability company, | ) |
| Defendant. | ) <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Lanessa Hubbard, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Lanessa Hubbard ("Hubbard"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect delinquent consumer debts that she allegedly owed for various store credit card accounts (Victoria's Secret/Comenity Bank and New York/WFNB).

4. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, PRA was acting as a debt collector as to the delinquent consumer debts it attempted to collect from Ms. Hubbard.

5. Defendant PRA is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Indiana.

6. Defendant PRA is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B. In fact, Defendant acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. Due to her financial difficulties, Ms. Hubbard was unable to pay her bills. In reviewing her credit report she saw that Defendant PRA had made several negative reports about her on several of her debts, including the Victoria's Secret/Crown and New York/WFNB accounts. Unfamiliar with PRA, and as is her right under the FDCPA, Ms. Hubbard had her attorney send PRA letters disputing the debts and notifying it that Ms. Hubbard was represented by counsel. Copies of these letters are attached as Group Exhibit C.

8. Instead of responding to Ms. Hubbard's attorney, on November 28, 2016, Defendant PRA sent collection letters about the debts directly to Ms. Hubbard. Copies of these letters are attached as Group Exhibit D.

9. Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to be represented by her attorney as to the debts, Defendant's continued collection communications directed to her made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

10. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendant's actions caused Plaintiff to question whether she was still represented by counsel as to these debts, which caused stress and confusion as to whether she was required to pay the debts at issue.

11. All of Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

13. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

14. Defendant PRA knew that Ms. Hubbard was represented by counsel in connection with the debts at issue because her attorney had informed Defendant, in

writing (Group Exhibit C), that Ms. Hubbard was represented by counsel, and disputed the debts. By directly sending Ms. Hubbard collection letters to Ms. Hubbard (Group Exhibit D), despite being advised that she was represented by counsel, Defendant PRA violated § 1692c(a)(2) of the FDCPA.

    15. Defendant PRA's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Lanessa Hubbard, prays that this Court:

    1. Find that Defendant's debt collection actions violated the FDCPA;

    2. Enter judgment in favor of Plaintiff Hubbard, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lanessa Hubbard, demands trial by jury.

    Lanessa Hubbard,

    By:/s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated: December 15, 2016

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com